Opinion delivered June 1, 1887.

---

No. 5475.

JOHN GLASS *v.* THE STATE.

1. FRAUDULENT DISPOSITION OF MORTGAGED PROPERTY.— INDICTMENT conforming to number 519 of Willson's Criminal Forms, sufficiently charges the offense of fraudulently disposing of mortgaged property.

2. SAME—EVIDENCE.—The indictment not purporting to set out the mortgage in *hæc verba*, or by its tenor, admits the latter in evidence, if the description of the mortgaged property, though not so full and minute as that contained in the mortgage, is sufficient to. identify the property. See this case in illustration.

3. SAME—INTENT—CHARGE OF THE COURT.—EVIDENCE that, in the exchange of the mortgaged property, the accused stipulated the title should not pass to and vest in the vendee until he, the accused, should satisfy the mortgagee's claim against the same raised the issue of fraudulent intent essential to constitute the offense; wherefore, in failing to submit that issue in the charge to the jury, the trial court erred.

APPEAL from the District Court of Washington. Tried below before the Hon. I. B. McFarland.

The conviction in this case was for the fraudulent disposition of a horse, upon which the accused had executed a mortgage to R. T. Flewellen. A term of two years in the penitentiary was the penalty imposed.

The evidence established conclusively the execution of the mortgage by defendant to secure the payment of his note for fifteen dollars, and his exchange of the said horse prior to his payment of the said note. The opinion states the substance of the testimony of Jim Johnson, the only witness for the defense. The State called Isaacs as a witness, in rebuttal, who denied the testimony of Johnson.

C. R. *Breedlove,* for the appellant.

W. L. *Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. In this case appellant was indicted under Article 797 of the Penal Code, for fraudulently disposing of mortgaged property. At the trial in the court below, a motion made by defendant to quash the indictment was overruled by the court. This ruling was correct. The indictment is in strict conformity with approved precedents, and sufficiently charges the statutory offense. (Willson's Crim. Forms, No. 519.)

It is claimed that the court erred in admitting the mortgage in evidence, because there was a variance between the description given of the animal in the indictment and that given in the mortgage. In the indictment the description is "one bald face mare branded CP on left shoulder." In the mortgage the animal is described as "one bald face mare, five years old, branded

CP on left shoulder, about twelve hands high." The description in the indictment, it is true, is not as full as that given in the mortgage, but it can not be said to be a variance in description, or a misdescription, and the indictment does not profess to set out the mortgage in *hœc verba* or by its tenor; and whilst it would be the better practice in all such cases to describe the mortgaged property in the indictment as it is described in the mortgage, still, we think, in this case, the indictment sufficiently describes the animal so as to identify it as the same mentioned in the mortgage; and, this being the case, we do not think the court erred in admitting the mortgage to sustain the description given in the indictment.

We are of opinion that the judgment in this case should be reversed for error of the court in failing to submit to the jury a theory of the defense as raised by the testimony of the defendant's witness, Jim Johnson, which witness said he "was present when George Isaacs and defendant exchanged horses on or about May 18, 1884. The trade was thus: Defendant told Isaacs at the time of the trade that he would not then trade his horse; that Mr. Flewellen had a claim on the horse; that they would then exchange horses and after defendant and Mr. Flewellen straightened up their matters, they would confirm the trade. Isaacs and defendant then did exchange horses." If this witness's testimony be true, then defendant's disposition of the animal was simply a temporary one, and only to become absolute and complete when he had straightened up the matter with Mr. Flewellen. It was for the jury, and not the court, to pass upon the truth or falsity of the witness Jim Johnson; and the court should not have ignored this phase of the defense by failing to submit it to the jury. If defendant exchanged the horse only on condition that he should be able to straighten the matter with Flewellen, then such a trade would not have been a disposition of the property with intent to defraud Flewellen.

For failure of the court to present the law applicable to a material phase of the defense, as presented in the testimony, the judgment is reversed and the cause remanded.

*Reversed and remanded.*